**IT IS ORDERED as set forth below:**



**Date: November 21, 2023**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | |
| JASON MITCHELL HINES, | CASE NO. 23-56736-PWB |
| Debtor. | |
| | CHAPTER 13 |
| JASON MITCHELL HINES, | |
| Movant, | |
| v. | |
| SUSAN PROPERTY MANAGEMENT, LLC, | |
| | CONTESTED MATTER |
| Respondent. | |

<u>ORDER DENYING DEBTOR'S EMERGENCY MOTION FOR RELIEF FROM WRIT OF
POSSESSION AND ORDER TO SHOW CAUSE FOR CONTEMPT</u>

The Debtor in this chapter 13 case has filed an Emergency Motion for Relief from Writ of Possession and for Order to Show Cause for Contempt Against Susan Property Management, LLC. [Doc. 45]. The Debtor contends that Susan Property Management's pursuit of a writ of possession in the Superior Court of Fulton County, Georgia, with respect to the Debtor's possession of real property located at 6509 Lily Trail, Fairburn, Georgia, violates the automatic stay of 11 U.S.C. § 362(a) and is an act of contempt that violates this Court's September 11, 2023 Order that terminated the automatic stay with regard to the dispossessory action.  For the reasons stated herein, the Debtor's motion is denied.

I.      **Factual Background**

At the time the Debtor filed his chapter 13 case on July 18, 2023, he was engaged in litigation with Susan Property Management, LLC ("SPM") in the Superior Court of Fulton County, Georgia, and the United States District Court of the Northern District of Georgia regarding the ownership, occupancy, and possession of real property located at 6509 Lily Trail, Fairburn, Georgia (the "Property").

While the substance, details, and merits of the litigation are not relevant for purposes of this Motion, previous motions filed in this case (with attachments) and the Debtor's Motion  (with attachments) provide background to the current issue.

As the Superior Court of Fulton County explained in its Order entered June 16, 2023,[1] after SPM purchased the Property at a foreclosure sale on February 7, 2023, SPM initiated a dispossessory proceeding against the Debtor and others in the Fulton County Magistrate

---

[1] Doc. 11, Motion for Relief from Automatic Stay, Ex. B, Amended Order Granting Plaintiff's Motion to Compel Payment into the Registry of the Court.

2

Court. On March 14, 2023, the Magistrate Court granted a Writ of Possession in favor of SPM, and the Debtor filed a timely appeal on March 21, 2023.[2]

In Georgia, a superior court sits as an appellate court in an appeal from a dispossessory action in the magistrate court. After an evidentiary hearing, the Fulton County Superior Court ordered the Debtor, a tenant at sufferance in a post-foreclosure dispossessory case, to pay into the registry of its court (1) the sum of $23,968.00 representing the fair market rental value of the Property between February 7, 2023, and May 26, 2023, and (2) $6,722.00 per month, beginning on June 29, 2023, for June rent and each month going forward beginning July 1, 2023.[3]

The Debtor's bankruptcy filing on July 18, 2023 stayed the Fulton County Superior Court litigation. But after a hearing on SPM's motion for relief from the automatic stay at which the Court heard argument from the Debtor and counsel for SPM,[4] the Court entered an Order on September 11, 2023 [Doc. 39] that provided as follows:

> [It is] ORDERED that the automatic stay of 11 U.S.C. § 362 is terminated with respect to property located at 6509 Lily Trail, Fairburn, Georgia. It is
>
> FURTHER ORDERED that the automatic stay is lifted to permit all litigation including, but not limited to, any present litigation or appeals in *Hines, et al. v. Susan Property Management, LLC*, Case No. 2023-CV-377823 (Sup. Ct. of Fulton Co., Ga.), and *Hines v. Solomon, et al.*, Case No. 23-cv-01362-VMC

---

[2] *Id.*
[3] *Id.*
[4] The hearing was conducted via the Court's Zoom Virtual Room pursuant to the procedures identified at https://www.ganb.uscourts.gov/dial-and-virtual-bankruptcy-hearing-information.

3

(N.D. Ga.), to proceed, but the stay shall remain in effect with regard to the enforcement of any monetary judgment against the Debtor pending further Order of this Court.

This Order is typical of one entered in a bankruptcy case where the parties are engaged in litigation over possession of property following a foreclosure sale. It permits the parties to exercise their nonbankruptcy law rights (in the case of SPM, a dispossessory action, and in the case of the Debtor, any defenses he might raise to the dispossessory action or other claims available) in the appropriate forum (in this case the Superior Court of Fulton County, Georgia) but limits an entity from attempting to collect money from the Debtor as a personal liability or a lien against property of the estate that might be a prepetition claim in the bankruptcy case that would be otherwise dischargeable.

After this Court entered its September 11, 2023, Order, SPM filed a request for issuance of a writ of possession in the Fulton County Superior Court, asserting that the Debtor had failed to pay the sum of $23,968.00 or any monthly rental payment required by the Superior Court's June 16, 2023 Order.[5]

On November 6, 2023, the Superior Court of Fulton County issued a "Final Order" on several motions filed by the Debtor and on SPM's request for a writ of possession.[6] The Superior Court found that the Debtor (and others) failed to pay funds into the registry of the court as required by its June 16, 2023, Order and, as a result, granted a writ of possession

---

[5] Doc. 45, Debtor's Emergency Motion for Relief from Writ of Possession and for Order to Show Cause for Contempt Against Susan Property Management, LLC, Ex. D.
[6] Doc. 45, Debtor's Emergency Motion for Relief from Writ of Possession and for Order to Show Cause for Contempt Against Susan Property Management, LLC, Ex. E.

4

instanter to SPM. The Superior Court also denied all of the Debtor's other motions which, among other things, attacked jurisdiction, notice, and standing, and sought dismissal of the writ of possession.

## II.     The Debtor's Contentions

The Debtor Motion requests relief on two grounds.

First, the Debtor contends that SPM's request for issuance of a writ of possession based upon the Debtor's failure to pay money into the registry of the Superior Court pursuant to the Superior Court's June 16, 2023 Order violates the automatic stay.  The Debtor's argument appears to be premised on the theory that (1) he is not a tenant, but a party to litigation contesting the foreclosure of the Property and SPM's claim of ownership; and (2) the request for a writ of possession violates the automatic stay because it is an attempt to enforce a monetary judgment.

Second, the Debtor contends that SPM's request for a writ of possession based upon the Debtor's failure to pay money into the registry of the Superior Court pursuant to the Superior Court's June 16, 2023 Order violates this Court's September 11, 2023 Order providing that the "stay shall remain in effect with regard to the enforcement of any monetary judgment against the Debtor pending further Order of this Court."  In other words, the Debtor apparently contends that the requirement to pay rent into the registry of the Superior Court is a money judgment and that that SPM is in contempt of this Court's September 11, 2023 Order because its request for a writ of possession based upon the Debtor's default is an attempt to collect a money judgment.

### III. Conclusions of Law

The Court concludes that, based upon the Debtor's allegations, SPM has neither violated the automatic stay nor committed an act in contempt of this Court's September 11, 2023 Order. Because the Debtor is not entitled to the relief he seeks as a matter of law based on his allegations, no hearing is necessary.

The reason that the Debtor is not entitled to relief is quite simple. The Superior Court's requirement that the Debtor pay rent into the registry of the court pending the litigation and challenge to the dispossessory is not a money judgment. SPM's request for issuance of a writ of possession for the Debtor's alleged failure to pay said funds, therefore, is not an enforcement of a money judgment that violates the automatic stay or this Court's September 11, 2023 Order.

As the Superior Court explained in its November 6, 2023 Final Order,[7] the Debtor is a "tenant at sufferance" with respect to SPM and the Property notwithstanding the fact that no landlord-tenant relationship exists between the Debtor and SPM. This is because, under Georgia law, an owner of real property remaining in possession of the property after a foreclosure sale becomes a tenant at sufferance and the dispossessory procedures set forth in O.C.G.A. § 44–7–50 *et seq.* apply. *Cleveland v. MidFirst Bank*, 335 Ga. App. 465, 467, 781 S.E.2d 577, 579 (2016). As a result, the rightful owner of the property must seek a writ of possession for the property and, pending an appeal, the trial court may require payment of

---

[7] Doc. 45, Debtor's Emergency Motion for Relief from Writ of Possession and for Order to Show Cause for Contempt Against Susan Property Management, LLC, Ex. E.

6

rent into the registry of the court, even if the relationship as tenant at sufferance has not been decided by the court.  O.C.G.A. § 44-7-56(b)(3)-(4).[8]

That is what the Superior Court of Fulton County did.  Upon the Debtor's appeal of the Magistrate Court's order, the Superior Court, after an evidentiary hearing, established the fair market value of rent and ordered the Debtor to pay into the Court's registry (1) $23,968.00 in back rent and (2) rent of $6,722.00 per month on the first day of each month beginning July 1, 2023.[9]

It is undisputed that the Superior Court ordered the Debtor to pay rent into the registry of the Superior Court pending the appeal of the dispossessory action.  While the bankruptcy filing stayed enforcement of this order in the Fulton County Superior Court, this Court's September 11, 2023, Order lifted the automatic stay to permit the Debtor's appeal and litigation in the Fulton County Superior Coury to go forward.  The only qualification to this Court's order was that "the stay shall remain in effect with regard to the enforcement of any *monetary judgment* against the Debtor pending further Order of this Court."  [Doc. 39 at 2 (emphasis added)].

SPM's request for a writ of possession for the Debtor's alleged failure to pay rent into the registry of the Court is not an enforcement of a money judgment.

---

[8] "If the judgment of the trial court is against the tenant and the tenant appeals this judgment, the tenant shall notify the trial court of his or her appeal and pay into the registry of the reviewing superior or state court all sums found by the trial court to be due for rent in order to remain in possession of the premises; and The tenant shall pay all future rent as it becomes due into the registry of the reviewing superior or state court … until the issue has been finally determined on appeal."

[9] Doc. 11, Motion for Relief from Automatic Stay, Ex. B, Amended Order Granting Plaintiff's Motion to Compel Payment into the Registry of the Court.

A "money judgment" awards a sum certain and allows a creditor to collect it from the party who owes it. Under Georgia law, a "money judgment" may be enforced in several ways. A court may issue a writ of fieri facias ("fi. fa."), which "authoriz[es] sheriffs and their lawful deputies to proceed with levy on real and personal property." *Black v. Black*, 245 Ga. 281, 283 (2), 264 S.E.2d 216 (1980). Or, after recordation of the fi. fa., a judgment creditor may pursue a lien on the debtor's property. O.C.G.A. § 9-12-86(b). Finally, a judgment creditor may initiate a garnishment proceeding to collect a money judgment. O.C.G.A. § 18-4-2; § 18-4-40.

The issuance of a writ of possession for failure to pay rent pending an appeal is not a money judgment because it does not authorize any of these remedies that would otherwise enable collection of money from a party as a personal liability or a lien on the judgment debtor's property. It simply permits a party to obtain possession of the property for failure to comply with the terms imposed by the superior court pending an appeal and litigation as to the right of possession.

The sole purpose of a dispossessory proceeding is the determination of the right of possession of real property, in this case between the purchaser of property at a foreclosure sale and the original owner, now a tenant at sufferance. The requirement that, after issuance of a writ of possession, the tenant pay rent into the registry of the superior court pending the appeal in order to remain in possession of the property pending determination of the appeal is a statutory requirement. O.C.G.A. § 44-7-56(b)(3)-(4). It protects the party who has obtained a writ of possession (and is, therefore, entitled to immediate possession of the property) from the loss of value of the property that occurs because the pending appeal deprives the party of the ability to rent or sell the property.

8

The remedy for a failure to pay court-ordered rent pending the appeal and litigation is issuance of a writ of possession. That is what happened here. SPM alleged that the Debtor failed to pay the rent the Fulton County Superior Court ordered pending appeal. The Fulton County Superior Court found that the Debtor had failed to pay and thus ordered a writ of possession to issue instanter. The Superior Court's order did not give SPM any right to execute on its order or collect the court-ordered "rent" as a personal liability from the Debtor or his property.

The reason that this Court qualified its Order lifting the automatic stay was to prevent SPM from wrongfully (or erroneously) seeking a judgment for prepetition "rent" that might otherwise be dischargeable in the Debtor's bankruptcy case.

But that did not happen and is now moot for two reasons.

First, as noted previously, the only remedy that SPM sought and that the superior court granted based upon the Debtor's default on court-ordered rent was the issuance of a writ of a possession. That is not an act to collect on a money judgment because the order permitting it is not a money judgment.

Second, the dismissal of the Debtor's bankruptcy case moots the question of discharge of any debts owed by the Debtor. On October 4, 2023, the Court held a hearing on the confirmation of the Debtor's chapter 13 plan, the chapter 13 Trustee's objections to confirmation of the plan, and the trustee's request to dismiss the case pursuant to 11 U.S.C. § 109(g), which would render the Debtor ineligible to file another chapter 13 case for 180 days. The Debtor did not appear. As a result, the Court sustained the chapter 13 Trustee's objections and granted the motion. Had the chapter 13 trustee timely presented an order of

9

dismissal, this case would have been dismissed at the time the Debtor filed his motion.[10] Although dismissal of the case would not render the Debtor's request for relief moot *per se*,[11] the entry of an order of dismissal at any time prior to filing of the Motion would have terminated any concern about whether "rent" was dischargeable in the Debtor's bankruptcy case; because it was dismissed, there is no discharge and the concern is moot because creditors are free to exercise their nonbankruptcy law rights.

In summary, SPM's request for issuance of a writ of possession neither violated the automatic stay nor this Court's September 11, 2023 Order because it was not an act to enforce a monetary judgment.  Based on the foregoing, it is

ORDERED that the Debtor's Emergency Motion for Relief from Writ of Possession and for Order to Show Cause for Contempt Against Susan Property Management, LLC, is denied.

**END OF ORDER**

**This Order has not been prepared for publication and is not intended for publication.**

---

[10] It is unclear why the chapter 13 trustee did not timely submit an order following the hearing, but the Court is now in receipt of one and shall enter it following entry of this Order. It is customary for the prevailing party to submit a proposed order on its motion.  *See* BLR 9013-2(a), NDGa.

[11] An allegation that a creditor's action during the pendency of a bankruptcy case violated the automatic stay or constituted contempt of a court's order could be actionable notwithstanding dismissal of the case.

10

**Distribution List**

Jason Mitchell Hines
6509 Lily Trail
Fairburn, GA 30213

John G. Brookhuis
O'Kelley, Sorohan & Arroyo
4228 First Ave, Ste. 10
Tucker, GA 30084

Brandi L. Kirkland
K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Ste. 1600
Atlanta, GA 30303
404-604-2054